UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEANA FEY WILLIAMS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:12-cv-1053

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

---

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On January 26, 2009, plaintiff filed her application for benefits alleging an October 17, 2000 onset of disability. (A.R. 124-30). Plaintiff later amended her claim to allege a December 30, 2004 onset of disability. (A.R. 71-72, 147). Plaintiff's disability insured status expired on December 31, 2004, one day after her alleged onset of disability. Thus, it was plaintiff's burden to submit evidence demonstrating that she was disabled on or one day before December 31, 2004. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim for DIB benefits was denied on initial review. (A.R. 76-80). On February 4, 2011, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 24-74). On February 25, 2011, the ALJ issued his decision finding that plaintiff was not disabled. (A.R. 9-17). On August 3, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the ALJ's decision should be overturned on the following grounds:

1. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physician;

2. The ALJ did not have substantial evidence to support his finding that plaintiff's anxiety was not a severe impairment; and

3. The ALJ committed reversible error in failing to follow the vocational expert's answers to accurate hypothetical questions.

(Plf. Brief at 11, docket # 13). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there

exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from December 30, 2004, through December 31, 2004, but not thereafter. (A.R. 11). Plaintiff had not engaged in substantial gainful activity on and after December 30, 2004. (A.R. 11). The ALJ found that through her date last disability insured, plaintiff had the following severe impairments: "asthma, intermittent ventricular tachycardia, recurrent trochanteric bursitis, and a brief episode of sacroiliitis (resolved by September 2002)." (A.R. 11). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of

impairments. (A.R. 13). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels, ranging from sedentary to very heavy work. The claimant needed to avoid fumes, odors, gasses and poor ventilation as well as concentrated exposure to extreme cold, heat and humidity.

(A.R. 13). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 13-16). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis[1] because, through her date last insured, she was capable of performing her past relevant work as a special education teacher. (A.R. 16).

The ALJ made an alternative finding that plaintiff was not disabled at step 5 of the sequential analysis. Plaintiff was 49-years-old when her disability insured status expired. Thus, at all times relevant to her claim for DIB benefits, plaintiff was classified as a younger individual. (A.R. 16). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 16). The transferability of jobs skills was not an issue. (A.R. 16). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 15,000 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 64-68). The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled. (A.R. 16-17).

**1.**

Plaintiff relies on evidence that she never presented to the ALJ. (Plf. Brief at 7, 11). This is patently improper. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision on the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The last sentence of plaintiff's brief contains a passing request for alternative relief in the form of remand. (Plf. Brief at 16). Her reply brief concludes with an identical request. (Reply Brief at 4, docket # 17). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence-six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried, her burden. *See Ferguson*, 628 F.3d at 276.

The proffered evidence is new because it was generated after the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012). The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276. Plaintiff has not addressed, much less carried, her burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276; *Foster v. Halter*, 279 F.3d at 357. Plaintiff has not addressed or carried her burden. The evidence is a "Physical Residual Functional Capacity Questionnaire" that Fredric Reyelts, M.D., completed months after the ALJ's decision. (A.R. 870-74). His questionnaire responses failed to focus on the two days in December of 2004 at issue. The questionnaire responses generated in April 2011 would not have reasonably persuaded the Commissioner to reach a different conclusion on the question whether plaintiff was disabled six and a half years before.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. I recommend that plaintiff's request for a sentence-six remand be denied. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ committed reversible error "by not properly considering the opinion of Plaintiff's treating physician," Dr. Reyelts. (Plf. Brief at 11). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the

Commissioner. 20 C.F.R. § 404.1527(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that

is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart v. Commissioner*, 710 F.3d at 376.

In the present case, the ALJ noted, "The claimant's date last insured is a prominent factor in this case. A good deal of the medical evidence found in this claim pertains to the period after December 31, 2004." (A.R. 13). Further, the period at issue in this case is extraordinarily

narrow: December 30 and December 31, 2004. There are no medical records covering plaintiff's condition on those dates. All the evidence filed in support of plaintiff's claim for DIB benefits is from other periods. This evidence is "minimally probative" and is considered only to the extent that it illuminates a claimant's condition before the expiration of her disability insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Van Winkle v. Commissioner*, 29 F. App'x 353, 358 (6th Cir. 2002) ("Evidence relating to a time period outside the insured period is only minimally probative.").

Plaintiff had a significant evidentiary problem. She had no treatment records for the period at issue. Her attorney was not successful in his effort to downplay the void in the treatment records as an "odd quirk" or "odd gap."[2] (A.R. 28). The gap in the records from Omar Mangrum, plaintiff's treating psychologist, spanned the period from "December 23, 2004, through September 9, 2005." (A.R. 72). The ALJ considered the records from Psychologist Mangrum that plaintiff did file in support of her claim for DIB benefits:

> Claimant reported a work problem in August 2004 stating that frustration with parents, work and school combined to increase her anxiety level. In September 2004, claimant reported feeling continued anxiety relating to family issues. Worrying and ruminating thoughts were reported in November 2004. By December 2004, the claimant continued to cope with a variety of family and marital issues, which resulted in anxiety concerns. Symptoms included obsessive thoughts and racing thoughts. Claimant continued to participate in counseling intervention of cognitive behavior therapy and was making some progress. Claimant participated in weekly counseling sessions with a psychologist.

---

[2]Plaintiff's argument that there had been treatment, but the records were misplaced, may have proved more successful if it had been supported by evidence. For example, affidavits from medical records personnel describing the specific steps they had taken to locate the purported records and offering an explanation why the records for earlier and later dates could be produced may have been persuasive. Plaintiff's attorney simply stated that someone had called him and indicated that Human Resource Associates did not know the location of the missing records. (A.R. 72). When the attorney inquired whether the ALJ wanted him "to track down" the missing records, the ALJ's response was, "I'll leave that up to you." (A.R. 73).

(A.R. 12).

There are no treatment records from Dr. Reyelts for 2004. There is a three-year gap in his medication records: May 30, 2002, to April 16, 2005. (A.R. 264, 465). There is a similar gap in his progress notes.[3] The progress note closest to the period at issue is dated December 8, 2003, a year before plaintiff's amended onset of disability date. (A.R. 268). On December 8, 2003, plaintiff appeared at Dr. Reyelts' office for a comprehensive physical examination (CPE). Plaintiff reported symptoms of urinary frequency and stated that her left groin "locked" at times. She had allergies and reported anxiety stemming from "family relationships." She was well-groomed in her appearance. Her mood/affect was "mildly" anxious. Dr. Reyelts prescribed Wellbutrin in response to plaintiff's anxiety complaints and advised her to continue her counseling sessions with Psychologist Mangrum. Plaintiff received a trial of medication to address her complaints of urinary frequency. Dr. Reyelts diagnosed plaintiff's groin problem as a probable muscle strain and recommended stretching exercises. (A.R. 268-69).

The next progress note from Dr. Reyelts is dated December 19, 2007, almost three years after plaintiff's disability insured status had expired. (A.R. 439). On December 19, 2007, plaintiff complained that for about two weeks she had been experiencing coughing and congestion. Dr. Reyelts found that plaintiff's asthma was stable. (*Id.*).

---

[3]When plaintiff's attorney elicited the sworn statement from Dr. Reyelts, he never asked the physician to explain the large gaps in his prescription records and progress notes. (A.R. 850-66). The administrative record suggests that Dr. Reyelts' file was slightly more than four inches thick. (A.R. 71, 855). It would have taken very little time or effort to locate the progress notes closest to the period at issue and to ask Dr. Reyelts about what those records revealed about plaintiff's condition during the last two days of 2004.

On February 3, 2011, plaintiff's attorney elicited a statement from Dr. Reyelts. (A.R. 850-67). Dr. Reyelts stated that he is a family practitioner and that plaintiff had been his patient for 15 years. (A.R. 853). He stated that his "working diagnosis" for plaintiff was "[a]sthma, a super ventricular tachycardia, an anxiety disorder, hypercholesteremia, [and] recurrent trochanteric bursitis." (A.R. 853). Plaintiff's attorney's questions assumed a continuity of care which was not supported by the underlying medical records. (*See e.g.*, A.R. 853-54). The questions and responses in 2011 failed to focus with precision on plaintiff's condition on the dates at issue: December 30, and 31, 2004.

The ALJ found that the opinions Dr. Reyelts expressed in 2011 were entitled to little weight because the issue of disability is reserved to the Commissioner, his statement did not establish a treating physician relationship during the relevant period, and his medical records outside the period at issue were not sufficiently contemporaneous to provide significant guidance regarding plaintiff's functional limitations during the last two days of 2004:

> As for the opinion evidence, the undersigned has considered the February 2011 deposition statement of Frederic[] Reyelts, M.D., in exhibit 24F. Dr. Reyelts indicated that he first treated the claimant in approximately 1995 or 1996; the physician offered a diagnosis of asthma, super ventricular tachycardia, an anxiety disorder, hypercholesterolemia and recurrent trochanteric bursitis. The trochanteric bursitis of the hip joints had been present since at least 2004 while the super ventricular tachycardia had been present for at least 15 years. Dr. Reyelts opined that the claimant would not have been able to do any job on a regular basis at the end of 2004 (Exhibit 24F).
>
> The undersigned is compelled to assign the opinion statements in exhibit 24 very little weight for multiple reasons. First, the physician's deposition statement alone (offered more than six years after the claimant's date last insured) does not establish a treating physician relationship during the pertinent period. The record lacks meaningful contemporaneous records from this physician during the pertinent period. Second, the mere presence of a diagnosed impairment or impairments during the relevant period in no way establishes a disabling impairment or combination of impairments on or before the date last insured; the

evaluation of disability under the Social Security Act and Regulations is not primarily a diagnosis-driven analysis.[4]

(A.R. 15). I find that the ALJ correctly applied the law and gave good reasons for the weight given to Dr. Reyelts' opinions.

**2.**

Plaintiff argues that the ALJ "did not have substantial evidence to support his finding that Plaintiff's anxiety was not a severe impairment." (Plf. Brief at 12-13; *see also* Reply Brief at 3). The finding of a severe impairment at step 2 is a threshold determination. The finding of a single severe impairment is enough and requires continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step 2 of the sequential analysis that plaintiff had four severe impairments. (A.R. 11). The ALJ's failure to find additional severe impairments at step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). The ALJ continued the sequential analysis and considered all plaintiff's severe and non-severe impairments in making his factual finding regarding plaintiff's RFC. (A.R. 10, 13-16).

---

[4]Plaintiff criticizes the last sentence of the above-quoted paragraph as "incomprehensible." (Plf. Brief at 12; Reply Brief at 2). The concept that the evaluation of disability under the Social Security Act and regulations is not "primarily a diagnosis-driven analysis" is quite simple. Only the impairments found in the listing of impairments are so severe that they render entitlement to benefits a "foregone conclusion." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006). In the vast majority of cases, a medical diagnosis does not establish "disability," and the ALJ must examine other factors such as the claimant's RFC, age, education, past work experience in order to determine whether the claimant is "disabled" within the meaning of the Social Security Act and regulations. *See White v. Commissioner*, 572 F.3d at 282; *see also* 20 C.F.R §§ 404.1527(d)(1), (2), (3); *accord Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012) ("[A] diagnosis of fibromyalgia does not automatically entitle [the claimant] to disability benefits.").

**3.**

Plaintiff argues that the ALJ "committed reversible error in failing to follow the vocational expert's answers to accurate hypothetical questions." (Plf. Brief at 11; *see also* Reply Brief at 3). Specifically, she argues that "the vocational expert testified that there were no jobs available to Plaintiff under the accurate hypothetical questions that were asked of him by Plaintiff's attorney." (*Id.* at 14) (citing A.R. 69-71). This argument does not provide a basis for disturbing the Commissioner's decision. The ALJ's finding that plaintiff was not disabled at step 4 of the sequential analysis did not depend on the VE's testimony in response to any hypothetical question. Further, plaintiff's attorney's hypothetical questions gave full credibility to his client's testimony and assumed a RFC more restrictive than the one determined by the ALJ. RFC is an administrative finding of fact made by the ALJ. 20 C.F.R. §§ 404.1527(d)(2), (3). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The ALJ's factual findings regarding plaintiff's RFC and the credibility of her testimony are supported by more than substantial evidence. (A.R. 13-16). The ALJ was not bound to accept the VE's testimony in response to the attorney's hypothetical questions, which incorporated more significant functional restrictions than those found by the ALJ. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: June 17, 2013              /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).